IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MONTE DECARLOS WINSTON,

    Petitioner,

v.                                                      CIVIL ACTION NO. 3:08cv553

PATRICIA STANSBERRY,

    Respondent.

## MEMORANDUM OPINION

Petitioner Monte Winston, a federal prisoner proceeding *pro se*, brought a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 alleging miscalculation of his sentence. Respondent contends Winston cannot receive credit for jail time previously applied to his concurrent state sentence. (Respt.'s Mem. Supp. Mot. Dismiss.) (Docket No. 5.) Winston responded, and the motion is ripe for adjudication. For the reasons stated here, the petition must be dismissed.

### I. Procedural and Factual Background

1. On January 2, 1999, Winston committed the federal offense of Interference with Commerce by Force. On January 6, 1999, Winston committed multiple federal offenses, including: Possession of Cocaine Base, Use/carry/possess/brandish a Firearm During/in relation to a Crime of Violence, and Interference with Commerce by Force. (Respt.'s Mem. Supp. Mot. Dismiss Ex. 1, ("Kelly Decl.") ¶ 3.) (Docket No. 5.)

2. On January 7, 1999, Winston was arrested by Richmond, Virginia authorities on state charges and placed in the Richmond City Jail. (Kelly Decl. ¶ 4.)

3. On March 22, 1999, the Richmond City Circuit Court sentenced Winston to 5 years of imprisonment for a probation violation. (Kelly Decl. ¶ 5.)

4. On October 12, 1999, the Chesterfield County Circuit Court convicted Winston of statutory burglary, grand larceny, and robbery. The Chesterfield Circuit Court sentenced Winston to a 7-year term, to be served consecutive to the 5-year term imposed by Richmond City Circuit Court. (Kelly Decl. ¶ 6.)

5. On February 8, 2000, the Virginia Department of Corrections ("VDOC") received custody of Winston for service of his 5-year and 7-year consecutive terms of imprisonment. (Kelly Decl. ¶ 7.)

6. On February 17, 2000, the United States Marshals Service ("USMS") borrowed Winston from state authorities on loan under a writ of habeas corpus. (Kelly Decl. ¶ 8.)

7. On July 6, 2000, the United States District Court for the Eastern District of Virginia ordered a psychiatric evaluation of Winston. (Kelly Decl. ¶ 9.) This was the first of three such evaluations conducted pursuant to defense counsel's position that Winston lacked competence to stand trial. (Pet. 3.) The evaluations occurred between July 17, 2000, and September 5, 2002. (Kelly Decl. ¶ 9 - 11.) On May 6, 2003 Winston pleaded guilty to his January 2, and January 6, 1999 federal offenses. (Respt.'s Mem. Supp. Mot. Attach. 1 & 7.)

8. On May 19, 2003, the federal district court sentenced Winston. The court ordered 77 months of his federal sentence served concurrently, and 84 months served consecutively to the state sentences. (Kelly Decl. ¶ 12 & Attach 1.) The 84-month sentence resulted from a violation of 18 U.S.C. § 924(c), which mandates consecutive service.[1]

9. On May 20, 2003, USMS returned Winston to VDOC custody.[2] (Kelly Decl. ¶ 13.)

10. On June 18, 2007, Winston satisfied his state sentences and USMS gained legal and physical custody of him for service of his remaining federal sentence. (Kelly Decl. ¶ 14.)

11. In accordance with 18 U.S.C. § § 3584 and 3585 and *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), the Bureau of Prisons ("BOP") calculated Winston's release date from federal custody to be November 13, 2014. (Kelly Decl. ¶ 21.)

12. As a result of filing administrative remedy requests at the institutional, regional office, and central office levels, Petitioner exhausted his administrative remedies regarding calculation of his sentence. At every level, the sentence calculation was upheld. (Respt.'s Mem. Supp. Mot. Dismiss 4-5.)

---

[1] "[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924 (c)(1)(D)(ii).

[2] The record shows that Winston was returned to VDOC on May 20, 2003. (Kelly Decl. ¶ 13; Respt.'s Mem. Supp. Mot. Dismiss. Ex. 1 Attach. 6.) Winston's petition wrongly lists the return date as May 28, 2003. (Pet. 5.) The correct May 20, 2003 date will be used hereafter.

13. Subsequently, on August 15, 2008, Winston filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2241(c)(2) seeking credit under 18 U.S.C. § 3585 toward his federal sentence for time spent incarcerated while on loan to federal authorities under a writ of habeas corpus ad prosequendum. (Pet. 5.)

## II. Analysis

Although Petitioner lists three separate grounds for habeas relief, he essentially contends entitlement to relief because the BOP improperly calculated his sentence. Specifically, Petitioner argues he did not receive credit against his federal sentence for time spent in state custody while on loan to the Eastern District of Virginia federal court on a writ of habeas corpus ad prosequendum. Because Winston's attorney raised competency issues during the federal proceedings against him, Winston remained on loan to the USMS from February 17, 2000, until May 20, 2003, while mental evaluations and, eventually, court proceedings occurred. (Pet. 3.) It is this time frame that Winston challenges as inappropriately calculated. However, the record shows that Winston's state sentence was credited for time on loan to federal authorities, that the BOP properly calculated Winston's federal sentence, and that the credit he seeks is barred by law.

### A. Manner of Crediting Time Served

The BOP awards jail credit toward a federal sentence according to 18 U.S.C. § 3585, which provides:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

4

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). Accordingly, the first inquiry goes to when Winston's federal sentence "commenced" within the meaning of § 3585(a).

Commencement of a federal sentence begins when USMS gains legal custody of a prisoner. *See* 18 U.S.C. § 3585(a); *Thomas v. Whalen*, 962 F.2d 358, 358 (4th Cir. 1992). "[T]he sovereign which first arrests an individual acquires priority of jurisdiction for . . . trial, sentencing, and incarceration." *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980); *In re Liberatore*, 574 F.2d 78, 89 (2d Cir. 1978); *United States v. Smith*, 812 F. Supp. 368, 371 (E.D.N.Y. 1993). The court that first gains jurisdiction holds sovereignty unless and until executive action under comity relinquishes it. *See Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922).

Because Richmond authorities arrested Winston on state charges, the Commonwealth of Virginia had sovereignty and priority of jurisdiction over him. *See Warren*, 610 F.2d at 684; *Ponzi*, 258 U.S. at 260. Subsequent to Winston's arrest by state authorities, the USMS borrowed Winston pursuant to a writ of habeas corpus. Despite its unusually long duration pending evaluations of his mental fitness, this loan did not disrupt Virginia's legal standing as Winston's custodian because "[a] prisoner is not even in custody . . . when he appears in federal court pursuant to a writ . . . he is merely 'on loan' to federal authorities." *Thomas*, 962 F.2d at 361 n.3; *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998); *Crawford v. Jackson*, 589 F.2d 693,

5

695 (D.C. Cir. 1978); *In re Liberatore*, 574 F.2d at 89. Virginia's sovereignty over Winston continued until June 18, 2007, when state authorities relinquished custody to the USMS. (Kelly Decl. ¶ 14.) Therefore, under the law, Winston's cumulative 161-month federal sentence commenced on June 18, 2007.

### 1. Time Properly Credited Toward State Sentence

As he has in previous filings, Winston continues seeking credit toward satisfaction of his federal sentence for the period of February 17, 2000, to May 20, 2003. (Pet. 4.) Although Winston's federal sentence did not commence until 2007, this does not mean the three years that he served while on loan to the USMS passed without proper credit for time served. Virginia authorities remained his legal custodian, therefore Winston received credit toward his state sentence for this time period. (Respt.'s Mem. Supp. Mot. Dismiss, Ex. 2, Brown Letter.)

Because Virginia credited this time to his state sentence, that time cannot also count toward his federal sentence. *See* 18 U.S.C. § 3585(b); *see also* Kelly Decl. ¶ 17, Att. 11. With two exceptions, detailed below, 18 U.S.C. § 3585(b)(2) explicitly bars granting Winston credit toward his federal sentence for this time because Virginia credited it toward his state sentences. *United States v. Wilson*, 503 U.S. 329, 337 (1992) (holding that "defendant could not receive a double credit . . . .").

### B. Exceptions to 18 U.S.C. § 3585(b) Applied

Winston received proper credit under the two factors that could provide credit toward his federal sentence for certain categories of time spent in state custody prior to commencement of a federal sentence. The factors arise under 18 U.S.C. § 3585(b) which, in turn, invoke other areas of law. First, in accordance with 18 U.S.C. § 3584(a), Winston received proper credit toward his

federal sentence when BOP complied with the district court judge's order that 77 months of his federal sentence be served concurrently with his state sentence. Second, Winston earned credit toward his federal sentence for his pre-sentence so-called "*Willis*" time spent in Virginia's custody after his January 7, 1999 arrest for state offenses and prior to imposition of his first state sentence on March 21, 1999. *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971).

### 1. Credit Toward Winston's Concurrent Federal Sentence

BOP awarded Winston credit toward his federal sentence pursuant to 18 U.S.C. § 3584,[3] which controls calculation of concurrent federal sentences if "imposed on a defendant who is already subject to an undischarged term of imprisonment . . . ." 18 U.S.C. § 3584(a); *see United States v. Smith*, 472 F.3d 222, 225 (4th Cir. 2006). In calculating time served for concurrent sentences, BOP[4] considers a federal sentence to commence when it is imposed. *See United States v. Labeille-Soto*, 163 F.3d. 93, 98-99 (2d Cir. 1998) (holding that a federal sentence cannot commence before it is imposed). In Winston's case, the district court judge ordered 77 months of his federal sentence to run concurrent to his state sentence. Accordingly, BOP granted credit toward Winston's federal sentence for time in state custody after his May 19, 2003 federal sentencing date and prior to his June 18, 2007 reception into USMS custody.[5] (Kelly Decl. ¶ 21.)

---

[3] "If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. 3584(a).

[4] *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (holding that "the Attorney General, through the BOP, has the responsibility for administering the sentence").

[5] This includes a time frame Winston disputes separately: May 19 through May 28, 2003. (Kelly Decl. ¶ 23.)

7

### 2. Credit Toward Winston's Federal Sentence for So-Called "*Willis*" Time Served

Winston also earned credit toward his federal sentence under the second factor, so-called "*Willis*" time, which arises from the holding in *Willis v. United States*, 438 F.2d at 925. While 18 U.S.C. § 3585(b)(2) bars crediting a federal term with time already counted toward another sentence, *Willis* provides an exception. Under *Willis*, BOP grants prior custody credit, even if it results in a double-credit toward a state sentence, when two conditions are met: (1) a prisoner's state and federal sentences run concurrently; and, (2) the federal sentence full term release date is equal to or greater than the state sentence full term release date. *Id.* If, as in this case, these two circumstances are met, then credit is given toward the federal sentence for time spent in state *pre-sentence* custody that begins on or after the date of the federal offense, and runs to the imposition of the first state sentence.[6] *Id.*

Winston's federal offense occurred January 6, 1999, and he was taken into custody on January 7, 1999. His first sentencing date occurred on March 22, 1999. Pursuant to *Willis*, BOP accurately credited Winston's federal term for 74 days of pre-sentence credit for time served from January 7 to March 21, 1999. (Kelly Decl. ¶ 21.) Time in state custody on or after the March 22, 1999 imposition of his state sentence is ineligible for credit toward his federal sentence under the *Willis* exception.

---

[6] The BOP formally adopted the *Willis* exception for crediting *pre-sentence* state detention time in Program Statement 5880.28, Sentence Computation Manual of 1984 (Feb. 14, 1997) *available at* http://www.bop.gov/DataSource/execute/dsPolicyLoc. This credit applies only for pre-sentence detention. *See id.* at 1-22.

### III. Conclusion

Accordingly, Winston's claim to entitlement for time served in state custody toward his federal sentence lacks merit. The Court finds no error in the manner that Respondent has calculated Winston's sentence. For the foregoing reasons, the Respondent's Motion to Dismiss will be GRANTED. The Petition will be DENIED. The action will be DISMISSED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: July 21, 2009
Richmond Virginia