UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

MONTE DECARLOS WINSTON,

    Petitioner,

v.                                                  Case No. 3:08cv553

PATRICIA STANSBERRY,

    Respondent.

## MEMORANDUM OPINION

Petitioner Monte Decarlos Winston, a federal prisoner proceeding *pro se*, brought a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, alleging miscalculation of his sentence. (Docket No. 1). On July 21, 2009, the Court dismissed the Petition because Respondent correctly calculated Winston's sentence. (Docket Nos. 10, 11).

Presently before the Court are Winston's July 28, 2009 Motion for Summary Judgment on the Final Order by U.S. Magistrate Judge ("First Motion") (Docket No. 12), and Winston's Petition for Summary Judgment, received by the Court on August 11, 2009 ("Second Motion") (Docket No. 16).[1] The Court shall construe Winston's First Motion as a motion to alter or amend the judgment under Rule 59(e)[2] because he filed his First Motion on July 28, 2009, less than ten days after the entry of this Court's July 21, 2009 Memorandum Opinion and Final Order. *See Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978) (stating that "if a post-judgment motion is

---

[1] The motions state identical claims. They differ only in that Winston's First Motion is handwritten, and his Second Motion is typewritten.

[2] At the time Winston's motion was filed, Rule 59(e) provided that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This Rule has since been amended to allow 28 days to file such a motion.

filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled"); *see also MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008) (noting that the United States Court of Appeals for the Fourth Circuit continues to apply *CODESCO* despite changes to the Federal Rule of Appellate Procedure 4 regarding the tolling of time for appeal upon filing a motion for relief under Rule 60). The Court shall construe Winston's Second Motion as a Rule 60(b)[3] motion for relief because the Court received this motion beyond the then-10 day limit on filing motions under Rule 59(e). *See In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1993) (construing Burnley's unnamed motion as a 60(b) motion because Burnley failed to file it within 10 days of entry of judgment, and thus Rule 59(e) did not apply). For the reasons that follow, the Court will DISMISS both Winston's First Motion and Winston's Second Motion.

---

[3] Rule 60(b) states:
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## I. First Motion to Reconsider Pursuant to Rule 59(e)

"'[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (*quoting* 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2nd ed. 1995)). Rule 59(e) itself provides no standard by which a district court may grant a motion to alter or amend a judgment, but "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Such motions may not be used, however, "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion." *Wadley v. Park at Landmark, LP*, No. 1:06cv777, 2007 WL 1071960, at *2 (E.D. Va. Mar. 30, 2007).

Winston's First Motion fails to meet the Rule 59(e) standard. The First Motion does not assert an intervening change in law, the discovery of new evidence not previously available at trial, nor a clear error of law or manifest injustice. *See Hutchinson*, 994 F.2d at 1081. Instead, Winston urges the Court to grant him prior custody credit on the grounds that the Bureau of Prisons ("BOP") improperly calculated his sentence. (First Mot., unnumbered pages 1-2.) Specifically, Winston's First Motion asserts: (1) that the statutes by which the BOP calculated his sentence do not apply to him because they govern federal sentences only; (2) that Winston was in federal custody, not state custody, for the period of time during which the United States

3

Marshal Service borrowed Petitioner pursuant to a writ of habeas corpus; (3) that Winston's sentence was governed by 18 U.S.C. § 3584(c), and thus his state and federal sentences should be treated as a "'single', aggregate term of imprisonment;" and, (4) that Winston's federal sentence should be credited with the period of time prior to his federal sentencing. (First Mot., unnumbered pages 1-2.)

In its July 21, 2009 decision, this Court considered these issues and determined that the BOP properly calculated Winston's sentence. (Mem. Op. 9.) The Court found that the record reflected that the approximately three-year period for which Winston sought credit toward his sentence, a period of time during which Winston was in federal custody and underwent mental evaluations, was properly credited to his sentence. (Mem. Op. 4.) Winston simply disagrees with this Court's July 21, 2009 Order, and his First Motion constitutes no more than an attempt "to rehash the arguments previously considered and rejected by this Court." *Wadley*, 2007 WL 1071960, at *2. Therefore, Winston's First Motion shall be DENIED.

## II. Second Motion Under Rule 60(b)

Rule 60(b) constitutes an extraordinary remedy requiring a showing of extraordinary circumstances. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). The party seeking relief under Rule 60(b) must cross the "initial threshold," showing "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Id.* at 48 (*quoting Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). Once the movant has satisfied these requirements, he or she must then satisfy at least one of the six grounds for relief provided in Rule 60(b): (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

discovered in time to move for a new trial under Rule 59(b); (3) fraud or misconduct of an adverse party; (4) a void judgment; (5) a satisfied judgment; or, (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

"When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefor to the satisfaction of the district court and such grounds must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d at 3 (internal citations and quotations omitted). A party cannot use a 60(b) motion to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995). Thus, where the party merely requests relief based upon legal arguments that the Court has rejected already, either explicitly or implicitly, the request does not merit Rule 60(b) relief. *See id.*

Here, the Court explicitly or implicitly rejected each of the grounds for relief that Winston advances in his Second Motion. Although he identifies four separate grounds for relief, Winston essentially reasserts his belief that the BOP improperly calculated his sentence. Thus, Winston propounds nothing more than re-argument. First, Winston argues that the BOP calculated his sentence using incorrect statutes. (Second Mot., first unnumbered page.) Second, Winston argues that he was in federal custody for the time during which doctors evaluated him for mental fitness, and that he should be credited this time against his federal sentence. (Second Mot., first unnumbered page.) Third, Winston argues that 18 U.S.C. § 3584(c) governs his sentences, and thus his federal and state sentences must be treated as a single, aggregate sentence. (Second Mot., second unnumbered page.) Fourth, and finally, he argues that his federal sentence should be credited with the time spent in the custody of the United States for the purposes of

5

competency evaluations and treatment. (Second Mot., second and third unnumbered pages.) For support, Winston relies on 18 U.S.C. §§ 4241 and 4242, which govern determinations of mental competency to stand trial and determinations of insanity. *See* 18 U.S.C. §§ 4241, 4242.

Winston's Second Motion does no more than implore this Court to change its previous ruling. Such a request does not merit Rule 60(b) relief. *See CNF Constructors, Inc.*, 57 F.3d at 400. Although Winston now asserts as a basis for relief two statutes not previously cited by this Court, this theory similarly amounts to mere re-argument, and as such does not merit Rule 60(b) relief. Winston contends that 18 U.S.C. §§ 4241 and 4242 afford Winston pre-sentence credit toward his term of incarceration. (Second Mot., second unnumbered page.) These statutes govern the determination of a defendant's mental competency to stand trial or to undergo post-release proceedings and the determination of the existence of insanity at the time of the offense, respectively. 18 U.S.C. §§ 4241, 4242. The Court previously made the finding that the time period during which federal authorities held Winston, and during which Winston underwent mental evaluations, was properly credited toward Winston's sentence. (Mem. Op. 4, 9.) That Winston now has identified by specific code section statutes he believes applicable to the time he underwent mental evaluations does not change the fact that he does so only to reargue the Court's previous ruling.

Moreover, even if the Court were to consider Winston's assertion of the application of 18 U.S.C. §§ 4142 and 4242 as a new argument, Winston nevertheless fails to meet the threshold requirement of Rule 60(b) that requires assertion of a "meritorious defense." *See Dowell*, 993 F.2d at 48; *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981) ("As a threshold matter, the movant must demonstrate the existence of a meritorious claim

or defense.") (*citing Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). Neither statute affords Winston the pre-sentence credit he seeks. (*See* Mem. Op. 4-8 (discussing applicability of 18 U.S.C. §§ 3584 and 3585).) Therefore, Winston fails to assert the existence of a meritorious claim or defense. *Square Constr. Co.*, 657 F.2d at 71. Winston's Second Motion for relief pursuant to Rule 60(b) shall be DENIED.

### III. Conclusion

Winston has alleged no circumstances warranting relief under either Rule 59(e) or Rule 60(b). Accordingly, both Winston's First Motion of July 28, 2009 and Winston's Second Motion of August 11, 2009 will be DENIED.

An appropriate Order shall issue.

/s/ MHL
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 1-11-10